**WALKER v. NATIONAL UNION FIRE INS. CO. (No. 3–2547.)**

(Commission of Appeals of Texas, Section B. April 2, 1919.)

TENDER ⬾19(1)—EFFECT—RIGHT TO MONEY TENDERED.

In an action upon a policy for loss, where judgment was rendered in favor of the insurer declaring the policy void for breach of an iron-safe clause, it was error not to render judgment for plaintiff for the amount of premium paid and tendered to plaintiff by insurer's answer.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by J. L. Walker against the National Union Fire Insurance Company. Judgment for plaintiff, and defendant brought error to the Court of Civil Appeals, which reversed the judgment of the district court and rendered judgment for defendant, and the plaintiff brings error. Judgment of the Court of Civil Appeals (156 S. W. 1095), in so far as plaintiff is denied recovery upon the policy of insurance, affirmed, and judgment rendered for plaintiff and against defendant for the amount of premium paid.

Capps, Cantey, Hanger & Short and D. B. Trammell, all of Ft. Worth, for plaintiff in error.

Wm. Thompson, of Dallas, for defendant in error.

McCLENDON, J. J. L. Walker, as plaintiff, brought this suit against the National Union Fire Insurance Company to recover upon a policy of fire insurance issued by defendant company on October 21, 1907. A judgment of the trial court in favor of plaintiff was reversed and rendered by the Court of Civil Appeals, Second District. 156 S. W. 1095.

The policy sued upon covered the same property and the damages claimed were occasioned by the same fire involved in the case of Hartford Fire Insurance Co. v. J. L. Walker, 210 S. W. 682, this day decided by this court, and the conclusions reached in that case are controlling in this case. In reversing the judgment of the trial court and rendering judgment for the insurance company, the Court of Civil Appeals declined to render judgment in favor of plaintiff for the amount plaintiff had paid as premium on the policy, which amount the defendant in its pleadings in the trial court tendered to the plaintiff. This action of the Court of Civil Appeals, we think, was error.

We therefore conclude that the judgment of the Court of Civil Appeals in so far as plaintiff is denied recovery upon the policy should be affirmed, and that judgment should be here rendered in favor of plaintiff Walker against the defendant insurance company for the sum of $42, the amount of such premium; costs of the Supreme Court to be taxed against the insurance company, all other costs against Walker.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.